Joseph Rape et al., Plffs. in Err. *v.* John Smith et al.

Proof that a devisee entered into possession of the land, claiming to own it; retained the possession for years; obtained credit on the strength of his ownership; paid taxes, etc.—*Held,* ample evidence of acceptance of the devise.

(Decided April 26, 1886.)

Error to the Common Pleas of Luzerne County to review a judgment for defendants in an action of ejectment. Affirmed.

The following are portions of the charge of the court below, delivered by Rice, P. J.:

In 1869 Jacob Bilheimer, who was the owner of this land, made his will. He died in June, 1869, and in October, 1869, letters testamentary issued to his executors.

The provision of his will which is material here is as follows: "I bequeath to Joseph Rape seventy-five acres of that farm where he now lives, and the buildings, on the following conditions: To give to my wife, Mary, the one-third of the produce of all that is raised on said farm during her lifetime, or so long as she keeps my name; and one year after her death pay $1,000 to the heirs of Levi Bilheimer above mentioned. That is, if said Rape doth not bring on an account against said estate for what he done in building or helping me on my land. I calculate I done as much for him as he done for me. The mare he has of mine, but the account there is against him I will balance with the old mare I sold to Corfman. There is twenty or twenty-five acres along the creek, near the above-mentioned land, them shall be sold; that $1,000 portion for Rosanna Barth

and deliver the one third part of the farm produce. And if said farm should not be farmed so as to bring in about $250 worth, then, in such case this shall all be void and of no effect. The one third shall be delivered to my estate as long as my widow lives and holds my name."

Now, it appears that Joseph Rape, who is what is called the "devisee" here mentioned, was in possession of the premises at the time that Jacob Bilheimer made his will, and that he remained in that possession until July or August, 1876. In August, 1875, Hughes and Koenig, defendants here, obtained a judgment against Joseph Rape, which was entered upon the records of this court. That judgment was a lien, and, as such, bound whatever title Joseph Rape had in the premises. In 1876 Hughes and Koenig issued an execution upon their judgment, by virtue of which this land and another tract were levied upon; and in April, 1876, they were sold by the sheriff to Judge Woodward, who subsequently conveyed the premises to Hughes and Koenig.

As we have indicated, that sheriff's sale under the judgment mentioned passed to the purchaser, Judge Woodward, all of the title which Joseph Rape had in the premises; and, if there were nothing further in the case, there would be no question that the title thus acquired was, under the evidence, a good title to the land in controversy.

It appears further, that in December, 1879, some three years after they had bought, Hughes and Koenig paid to the widow of Jacob Bilheimer, some $606.65. A portion of this was paid by a note, and in the following May, namely, May, 1880, they gave a note for the balance which was then due, of the dower, as they expressed it, which note was subsequently paid.

Now the plaintiffs claim two things: First: That the estate which was devised to Joseph Rape by the will of Jacob Bilheimer was an estate upon condition, and that the condition was that he should pay to her the whole of the one third of the produce of the farm, or its equivalent, annually. You will remember that in 1872 a suit was brought by her to recover what she claimed she was entitled to. That resulted in a judgment in her favor of something like $300 and some costs, which was paid by Joseph Rape in 1876; but that judgment was a judgment for the amount which was due to her up to the time only when the suit was brought, namely, 1872. It is claimed by the plaintiffs

that between 1872 and July or August, 1876, no further money was paid by Joseph Rape to the widow of Jacob Bilheimer on account of what she was entitled to, either under the will or under the law; and they argue from this, as matter of law, that thereby the condition upon which the estate was given to Joseph Rape was broken; and that the heirs of Jacob Bilheimer had a right, by reason of the fact that this condition was broken, to retake the possession of the premises as their own. They allege, further, that this was done by the heirs; and that thereby all of the estate which had been devised to Joseph Rape became revested in the heirs of Jacob Bilheimer. . . .

We are of the opinion, as matter of law, that under a fair construction of the condition of the will, and under the undisputed evidence with regard to this question, no title vested in the heirs of Jacob Bilheimer, by virtue of their act, as they allege, in taking possession in 1876; so that in your consideration of the case you will leave that question out of mind. In other words, if there were nothing further in the case than what we have already stated, the title of Hughes and Koenig was not devested by reason of the alleged entry and taking of possession of the land by the heirs of Jacob Bilheimer.

But it is claimed further by the plaintiffs that this devise was never accepted by Joseph Rape, and that therefore no title passed to him, and that by reason of his refusal to take the gift of the land as it was made to him in the will of Jacob Bilheimer, the land reverted to the heirs, and that they now have the title to it which entitles them to recover in this action. . . .

If you should find, as matter of fact, that by his acts or declarations he did accept the devise as made in the will, then his title passed to the defendant under the sheriff's sale, and your verdict should be for the defendants. If, however, under all the evidence, you should find that he did not, then your verdict should be for the plaintiffs.

The jury returned a verdict for defendants, and from the judgment entered thereon plaintiffs brought error.

*G. L. Halsey* and *William S. McLean,* for plaintiffs in error. —The estate created by the devise was upon one condition. Apt words were used, namely, "on the following conditions." There was no devise over. It was provided in the will that if the condition was not complied with the devise should be null and void.

1 Bl. Com. Sharswood's ed. \*156; 2 Washb. Real Prop. 3; Paschall v. Passmore, 15 Pa. 295; Warner v. Bennett, 31 Conn. 468; Gray v. Blanchard, 8 Pick. 284.

The condition is subsequent because the act could be performed as well after as before the vesting of the estate. 2 Washb. Real Prop. 5; Finlay v. King, 3 Pet. 346, 7 L. ed. 701; Martin v. Ballou, 13 Barb. 119; Parker v. Nichols, 7 Pick. 111.

The estate devised was subject to be defeated by nonperformance of the condition, followed by entry for condition broken by the heirs of the devisor. Dumpor's Case, 1 Smith, Lead. Cas. 104; 2 Washb. Real Prop. 12; Co. Litt. 201a; Donohue v. McNichol, 61 Pa. 73.

An entry reinvests the grantor or his heirs with his or their ancestors' former estate in the premises, avoiding all intermediate charges and encumbrances upon the land, so that the grantor or other person exercising the right of entry is seised of the same estate as before the grant or devise. Moore v. Pitts, 53 N. Y. 85; Scott v. Stipe, 12 Ind. 74; Thomas v. Record, 47 Me. 500, 74 Am. Dec. 500; Bartlett v. Jones, 60 Me. 246; Barker v. Cobb, 36 N. H. 344; Sharswood & B. Lead. Cas. Real Prop. 150.

*John McGahren, Gustav Hahn,* and *Garrick M. Harding,* for defendants in error.—Every possession where there is a title is supposed to be in subordination to it. Clark v. Trindle, 52 Pa. 492; Jones v. Bland (Pa.) 2 Cent. Rep. 326.

Where the court is satisfied that a party seeking a recovery has failed to complete the measure of proof required by law, it is justified in saying so to the jury. Howard Exp. Co. v. Wile, 64 Pa. 201; 1 Greenl. Ev. 61.

The widow and heirs are estopped from asserting that the title to the Rape farm revested in the heirs for breach of condition, when they stood by and allowed Hughes and Koenig to pay $2,500 for the property of Rape, at sheriff's sale, without apprising them of their design to take advantage of a breach of condition. Any other rule would operate as a fraud upon the purchaser. Bigelow, Estoppel, 475.

In any event the title which Hughes and Koenig acquired to the farm of Joseph Rape at sheriff's sale could not be forfeited as against them for a breach of condition committed by Rape, until a demand made upon them for its performance. McCor-

mick v. Connell, 6 Serg. & R. 151; Merrifield v. Cobleigh, 4 Cush. 178.

Conditions subsequent are not favored in law, and, when relied upon to work a forfeiture, must be strictly construed. Hoyt v. Kimball, 49 N. H. 327; Merrifield v. Cobleigh, 4 Cush. 178; Laberee v. Carleton, 53 Me. 211; Hunt v. Beeson, 18 Ind. 380.

PER CURIAM:

If the plaintiff accepted the land under the devise, it is an end to this case. The evidence tending to prove he did was most ample to submit to the jury. He retained the possession thereof for more than seven years; claimed to own it; obtained credit on the strength of his ownership; had it assessed in his name, and paid the taxes thereon. He paid to the widow of the testator a portion of her claim for which he would not have been liable otherwise than as owner, and for the residue then due she obtained a judgment against him, which he paid.

There appears to have been no substantial doubt that he claimed to own the land, until his creditors were about to seize it for the payment of his debts.

Judgment affirmed.